# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY MANCINI, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, et al.,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 16cv2830-LAB (WVG)<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION** |

The Western and Southern Life Insurance Company asks the Court to compel arbitration of Amy Mancini's representative action to enforce Labor Code violations under California's Private Attorneys General Act ("PAGA"). An employee "may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010). Mancini agreed to arbitrate employment disputes, but only "on an individual basis." Since a PAGA claim is brought on a representative basis on behalf of the state, she didn't agree to arbitrate PAGA claims. Western's motion to compel arbitration is denied.

Mancini worked at Western for about two years. She held three different positions: Staff Manager, Financial Representative, and Registered Representative. She signed an employment agreement before assuming each role and each agreement provided for the arbitration of disputes. All told, Mancini signed six agreements with various references to arbitration. Despite the arbitration agreements, when Mancini was fired after two years she

didn't arbitrate. Instead, she filed a PAGA claim. Western now asks the Court to enforce the agreements and compel Mancini to arbitrate relying on the Federal Arbitration Act.

**Analysis**

When one party refuses "to arbitrate under a written agreement for arbitration" the contracting party "may petition" a federal court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Since Western has moved to compel arbitration, it bears the burden to show the parties agreed to arbitrate the claims at issue. *See, e.g.*, *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). But to decide the "threshold inquiry" of "whether the parties agreed to arbitrate," the Court must first sort out which agreements to analyze. *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756 (9th Cir. 1988).

**A.     Governing Agreement**

Neither party has taken a position on how the six agreements relate to one another. Mancini says the agreements are too confusing to untangle so the Court shouldn't enforce them at all. Western says the Court should simply order arbitration and let the arbitrators figure it out. It's true that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). But "a gateway dispute about whether the parties are bound by a given arbitration clause raises a question of arbitrability for a court to decide." *Id.* That's the situation here. The Court must decide which agreements to analyze to determine if the parties agreed to arbitrate Mancini's PAGA claim.

After browsing the various agreements, the Court concludes that Western's California Dispute Resolution Program controls for two reasons. First, all of the agreements except one specify that Mancini must follow the Resolution Program as the "exclusive remedy for any claims." [Dkt. 30-2 at 7, 12, 30, 32.] Second, the Resolution Program states that it's the "mandatory and exclusive means by which all covered workplace claims may be resolved." [Dkt. 30-2 at 28.] Besides a few carve out provisions—and one key provision discussed below—the Resolution Program covers "all" legal claims Mancini or Western may have

against each other, "whether or not arising out of [her] employment or termination." [Dkt. 30-2 at 19.]

The one agreement that doesn't incorporate the Resolution Program is the Registered Representative Agreement. Western suggests that Mancini must also litigate some of her claims according to that agreement, which provides for separate arbitration under FINRA rules in Ohio. But since the Resolution Program covers all disputes, and it's the exclusive means for resolving all legal claims, the Court finds that agreement governs. Western admits as much: "The [Resolution Program] includes an agreement to arbitrate all claims covered in this action." [Dkt. 30-1 at 10.]

### B. PAGA Claims Aren't Covered

The Court can't compel a party "to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Stolt-Nielsen*, 559 U.S. at 684 (2010). Mancini agreed to arbitrate all legal claims she may have with Western, but the Resolution Program carves out a key exception:

> "[T]here shall be no class or collective action arising from any employee's claim(s), and each employee may only maintain a claim under this plan on an individual basis and may not participate in a class or collective action." [Dkt. 30-2 at 19.]

Neither party offers an interpretation of this provision. Western didn't even bother to discuss it. It could be argued that, on this basis alone, Western failed to show Mancini agreed to arbitrate her PAGA claim.

Nonetheless, the Court finds the text above is unambiguous: If an employee can only arbitrate claims on an "individual basis," then the employee can't arbitrate claims on a "representative basis." And that's the only basis on which a PAGA action can be brought: PAGA claims "may not be brought solely on the employee's behalf, but must be brought in a representative capacity." *Williams v. Superior Court*, 237 Cal. App. 4th 642, 649 (2015); *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 361 (2014) (distinguishing plaintiff's "claims as an individual" and claims "in a representative capacity under the PAGA"). "A PAGA representative action is therefore a type of *qui tam* action." *Id.* at 382. The Ninth Circuit has also explained that "a PAGA suit is fundamentally different than a class action"

because "PAGA plaintiffs are private attorneys general" bringing "claims on behalf of the state agency." *Baumann v. Chase Inv.*, 747 F.3d 1117, 1123 (9th Cir. 2014).

Western's briefing tends to confirm the Court's interpretation of the relevant provision. First, Western admits that Mancini is only bringing her claims "as a representative action under" PAGA, and agrees this action is "not a class action" or a "collective action." [Dkt. 30 1 at 14; Dkt. 32 at 6.] Second, Western maintains it didn't move for arbitration until recently because this March, "for the first time," the Ninth Circuit held that an employee could be compelled to arbitrate PAGA claims in *Valdez v. Terminix Int'l Co. Ltd. P'ship*, 681 F. App'x 592 (9th Cir. 2017). If Western didn't think it could force employees to arbitrate PAGA claims before *Valdez*, then it makes sense that a provision that Western drafted well before *Valdez* was decided would have contemplated excluding PAGA actions from arbitration. Third, Western acknowledges that California law is clear: an employer must allow employees to bring "representative PAGA claims in some forum." *Iskanian*, 59 Cal. 4th at 391. Since the Resolution Program says Mancini can only arbitrate claims in her individual capacity, she necessarily must be allowed to bring claims in her representative capacity in a different forum. Here, that forum is the federal court.

## Disposition

Western has failed to meet its burden to show that Mancini's PAGA claim is subject to compelled arbitration. The Resolution Program contains an exclusivity clause, so that's the controlling agreement here. And since the Resolution Program also specifies that employees may only arbitrate claims in their individual capacity, Mancini's PAGA claim—brought by her in a representative capacity—isn't subject to arbitration. Western's motion to compel Mancini's PAGA claim is **DENIED**. [Dkt. 30.]

William Richard's motion to withdraw as an attorney is **GRANTED**. [Dkt. 35.]

**IT IS SO ORDERED**.

DATED: September 5, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge