# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY MANCINI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | CASE NO. 16cv2830-LAB (WVG)<br><br>**ORDER APPROVING SETTLEMENT AND DISMISSING PAGA CLAIMS [Dkt. 45]** |

Plaintiff brought suit on behalf of herself and similarly situated employees under California's Private Attorneys General Act (PAGA), alleging that the Defendant-employers violated various provisions of the California Labor Code. After two years, the parties have reached a proposed settlement, which requires Court approval. For the reasons below, the Court finds the settlement reasonable and **GRANTS** the parties' Motion.

## Background

On September 22, 2016, Plaintiff Amy Mancini filed this PAGA suit in San Diego Superior Court. Mancini alleges that Defendants willfully misclassified her (a "Registered Representative") as an independent contractor instead of an employee, failed to pay regular and overtime pay, failed to pay accrued PTO/vacation time at termination of employment, failed to reimburse for expenditures, and violated various other labor laws. Dkt. 1-A. According to Defendants' records, there are approximately 269 similarly

- 1 -

situated individuals in the PAGA class. Dkt. 45-2 at ¶3.

Defendants removed the action to this Court in November 2016. Since removal, the parties have engaged in multiple settlement negotiations, including an Early Neutral Evaluation with Magistrate Judge William V. Gallo in February 2017 and a mediation with Judge Linda Quinn (Ret.) in December 2017. Dkt. 45 at 5-6. These discussions have been complicated by, among other things, a new California state court decision that altered the standard for employer liability under PAGA, as well as protracted briefing on Defendants' Motion to Compel Arbitration, which this Court ultimately denied. *Id.* Nonetheless, the parties have now reached a tentative settlement resolving the PAGA claims. Specifically, the cash settlement of $477,500 includes the following allocations:

- **$161,000** for payment of PAGA penalties, with 75% going to the California Labor & Workforce Development Agency (LWDA) and 25% to the PAGA members;
- **$5,000** as an incentive award to Plaintiff for her status as the PAGA representative;
- **$3,000** for administration fees and costs;
- **$8,400** for litigation costs; and
- **$300,000** for attorneys' fees.

In addition, the Defendants have agreed to make various changes to their employment policies, including reclassifying their Registered Representatives from independent contractors to employees, implementing new reimbursement policies, providing monthly cell phone allowances for sales and marketing expenses, and amending their PTO polices so that employees no longer forfeit unused PTO at year's end. Dkt. 45 at 7-8. Defendants claim the economic value of these changes is roughly $500,000. Dkt. 45-2 at 2.

**Analysis**

PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Iskanian v. CLS Trans. Los Angeles, LLC,* 59 Cal. 4th 348, 360 (2014); *see also*

Cal. Lab. Code § 2699(a). When PAGA claims are settled, the trial court must "review and approve" the settlement. Cal. Lab. Code § 2699(l). In so doing, the court must consider whether the proposed "PAGA settlement is fair and adequate in view of the purposes and policies of the statute." *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1135 (N.D. Cal. 2016). Those purposes and policies include "benefit[ting] the public by augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance." *Id.* at 1132-33. However, "neither the California legislature, nor the California Supreme Court, nor the California Courts of Appeal, nor the [LWDA] has provided any definitive answer" as to what the appropriate standard is for approval of a PAGA settlement. *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 2017 WL 2224265, at *1 (C.D. Cal. May 19, 2017).

The parties argue that their proposed settlement is reasonable and that courts have routinely approved "PAGA settlements reflecting much smaller percentages of gross settlement amounts." Dkt. 45 at 8. The parties' total proposed cash settlement is $477,500, of which they have allocated $161,000 for PAGA penalties. *Id.* at 7. As evidence of the reasonableness of this allocation, they point to several comparable cases, including four in which the total settlement exceeded $2,000,000 and the PAGA penalty was $10,000 or less. *See Hicks v. Toys 'R' Us–Delaware, Inc.*, 2014 WL 4703915, at *1 (C.D. Cal. Sept. 2, 2014); *Franco v. Ruiz Food Prods., Inc.*, 2012 WL5941801, at *14 (E.D. Cal. Nov. 27, 2012); *Garcia v. Gordon Trucking*, 2012 WL 5364575, at *3 (E.D. Cal. Oct. 31, 2012); *Chu v. Wells Fargo Investments, LLC*, 2011 WL 672645, at *1 (N.D. Cal. Feb. 16, 2011). The point is taken: PAGA settlements often make up a small percentage of the overall settlement, and the parties' proposal here is generally consistent with similar cases.

Still, the $161,000 appears less than impressive when put in context. It will first be reduced by 75%, with that money going to the LWDA under the PAGA statute. The remaining 25% ($40,250) will be spread between the 269 employees. Dkt. 45-2 at ¶3. This results in an average settlement of $150 for each affected employee. If Plaintiff's

allegations are true, that sum seems inadequate to compensate the employees for the violations they have been subjected to.  This is especially true because, unlike in many of the comparable cases the parties cite, there is no separate class settlement from which the employees will also receive compensation—their share of PAGA recovery is the extent of their compensation.  *See Hernandez v. Best Buy Stores, LP*, 2017 WL 2445438 at *3 (S.D. Cal.) (expressing similar concerns).

But several factors counsel in favor of finding the settlement reasonable.  First, the LWDA was notified of the proposed settlement and has not objected.  The Court takes this acquiescence as indication that the settlement is presumptively reasonable.  *See, e.g., Rodriguez v. Danell Custom Harvesting, LLC*, 293 F.Supp.3d 1117, 1133 (E.D. Cal. 2018) ("The Agency has not filed an objection to the terms of the settlement.  Based on the Agency's lack of objection, the Court preliminarily approves the PAGA penalties.").  Second, the settlement does not bar the employees other than Mancini from pursuing other (non-PAGA) Labor Code claims against Defendants should they violate those, which leaves open the possibility of additional compensation.  *See Arias*, 46 Cal.4th at 987 ("[N]onparty employees, because they were not given notice of the action or afforded any opportunity to be heard, would not be bound by the judgment as to remedies other than civil penalties.").  Finally, the Court finds that the non-cash provisions of the settlement provide significant value to the employees.  Defendants have agreed to reclassify their Registered Representatives, who comprise a portion of the PAGA class, from independent contractors to employees.  They have also agreed to implement new expense reimbursement policies and to provide a monthly cell phone allowance for sales and marketing expenses.  And, although this is not in the actual settlement agreement, Defendants have changed their internal polices so that unused employee PTO is not forfeited at year's end.  These are significant changes that further the goals of PAGA by improving the work conditions of the employees.  For these reasons, the Court finds the PAGA settlement reasonable.

/ / /

For similar reasons, the Court also finds the other provisions of the settlement agreement reasonable, including its allocation for attorney's fees. Cal. Lab. Code § 2699(g)(1) ("Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."). The lodestar method for determining appropriate attorneys' fees is commonly accepted in similar situations. *See, e.g., Jordan v. NCI Grp., Inc.,* 2018 WL 1409590, at *4 (C.D. Cal. Jan. 5, 2018). The Court here finds that $300,000 is an appropriate award of fees given the number of hours worked and the attorneys' claimed billable rates. The provisions for incentive awards ($5,000), administration fees ($3,000) and litigation costs ($8,400) are also reasonable.

## Disposition

The Court finds the parties' settlement reasonable. The Joint Motion to approve the settlement is **GRANTED.** Plaintiff has asserted no non-PAGA claims, so this Order resolves the case. The case is **DISMISSED WITH PREJUDICE.** The parties have consented to the Magistrate Judge retaining jurisdiction over this case, and Magistrate Judge William V. Gallo **SHALL RETAIN JURISDICTION** to resolve any disputes over the terms of the settlement agreement.

**IT IS SO ORDERED.**

Dated: September 18, 2018

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge